## Commonwealth v. Winegardner

*James M. Schall, assistant district attorney,* for the Commonwealth.
*Dwight C. Harvey,* for defendant.

WALKER, *J.,* June 26, 1992—

### FINDINGS OF FACT

On December 4, 1991, Constable Clarence M. Deremer, Sheriff Jim Pittman and two Pennsylvania State Police officers went to the defendant's apartment in the hope of finding and arresting Dale Shoop. The defendant opened the door but refused entry. At this point, the officer heard a loud noise in the rear of the apartment and rushed in. The defendant impeded the officers' efforts by shoving the sheriff and the constable, and by using offensive language towards all the officers. The defendant was ultimately convicted of harassment.

The court has before it the defendant's post-trial motions. For reasons discussed below, the court dismisses the defendant's post-trial motions.

## DISCUSSION

The defendant, in his post-trial motion, argues that there was insufficient evidence to sustain a conviction of harassment.

"The test for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner and drawing all proper inferences favorable to the Commonwealth, the [finder of fact] could reasonably have determined all elements of the crime to have been established beyond a reasonable doubt." *Commonwealth v. Williams,* 388 Pa. Super. 153, 170-171, 565 A.2d 160, 169 (1989).

Title 18 Pa.C.S. §2709 (1983), defines harassment in the following manner:

"A person commits a summary offense when, with the intent to harass, annoy or alarm another person:

"(1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts to threaten to do the same...."

From the facts recited earlier, the finder of fact could have easily found that the defendant violated this section.

The defendant does not dispute that he struck two of the officers and that he used offensive language. He argues however, that he was justified in doing so because the officers did not have a warrant to search his apartment, and thus the defendant was merely preventing an illegal entry of his apartment.

This argument must fail. Assuming arguendo that the officers could not rely on the arrest warrant to enter his apartment, the defendant still could not use force to prevent the entry.

While there are no cases on point, there is case law to support the proposition that a person cannot strike

an officer even if the officer is illegally arresting that person. *Commonwealth v. French,* 396 Pa. Super. 436, 578 A.2d 1292 (1990);[1] *Commonwealth v. McKeirnan,* 337 Pa. Super. 403, 482 A.2d 7 (1985). This court feels it would be inconsistent to hold that a defendant has greater leeway to protect his property than he has to protect his very person. Therefore, if a person cannot strike a police officer who is illegally arresting him, he cannot strike a police officer who is illegally entering his home.[2]

## CONCLUSION

Regardless of whether the police had a right to enter the defendant's apartment, the defendant did not have the right to violently resist the police officers once they entered his abode. Therefore, his violent resistance, which is the basis for his harassment convictions, was not excused by the police officer's behavior. Thus his convictions stand, and his post-trial motions are dismissed.

---

1. The only exception to this rule is when the police officer is using excessive force and that force threatens to cause serious bodily injury. *French,* 396 Pa. Super. at 444, 578 A.2d at 1296.

2. The closest case this court could find to the instant case is *Commonwealth v. Buckman,* 393 Pa. Super. 453, 574 A.2d 697 (1989). In *Buckman,* agents of the Bucks County Department of Weights and Measures attempted to inspect two bags of pine bark mulch at the defendant's store. The defendant told the agents that if they inspected the mulch he would charge them for it. Rather than pay for the mulch, the agents left and charged the defendant with a violation of 73 Pa.C.S. §1684 (1989). *Buckman,* 393 Pa. Super at 456, 574 A.2d at 699.

In reversing the defendant's conviction, the court held that the Fourth Amendment protected the defendant's *non-violent* resistance to an unconstitutional search. *Buckman,* 393 Pa. Super. at 456, 574 A.2d at 700.

The key distinction between *Buckman* and the instant case, however, is that the defendant in the instant case responded to the officer's arguably illegal search in a violent manner.

## ORDER OF COURT

June 26, 1992, the court finds that the defendant did not have the right to violently resist the police officers once they entered his abode. The post-trial motions are dismissed.